### GULF, C. & S. F. RY. CO. v. KING.
### (No. 7075.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 16, 1924.)

Carriers ⚙⇒228(5)—Award of damages for injuries to live stock in transit held not authorized by evidence.

In a shipper's action against a railroad company for damages to a shipment of horses and mules alleged to have been caused by the carrier's refusal to promptly unload at the shipper's request, an award of damages of the difference between the reasonable market value at destination in the condition in which the stock arrived and should have been delivered, and the reasonable market value at that place in the condition in which it was when actually delivered, *held* erroneous in absence of any proof whatever of the market value of the animals.

Appeal from Bexar County Court for Civil Cases; McCollum Burnett, Judge.

Action by Bruce King against the Gulf, Colorado & Santa Fé Railway Company and others. Judgment for plaintiff against defendant named, and in favor of the other defendants, and defendant named appeals. Affirmed as to defendants successful below, and reversed and remanded as to defendant named.

Terry, Cavin & Mills, of Galveston, and Boyle, Ezell & Grover, of San Antonio, for appellant.

A. L. Matlock, of San Antonio, for appellee.

FLY, C. J. Appellee sued the Galveston, Harrisburg & San Antonio Railway Company, the Missouri, Kansas & Texas Railway Company of Texas, and the Gulf, Colorado & Santa Fé Railway Company, to recover damages on 9 horses, a colt, and 18 mules shipped from Stockdale, Tex., to Rogers, Tex. The cause was heard by the county judge, without a jury, and judgment was rendered that appellee take nothing as to the two railway companies first named, and recover of appellant the sum of $500.

The live stock were delivered to the Galveston, Harrisburg & San Antonio Railway Company, at Stockdale, and by it delivered to the Missouri, Kansas & Texas Railway Company at San Antonio, and by that company delivered to appellant at Temple, and by it transported to Rogers, the point of destination. The live stock were received by appellant and transported to Rogers, where they arrived at 4 o'clock a. m. on September 19, 1920. At that hour appellee endeavored to induce appellant to unload the horses and mules and deliver them to him so that they could be fed and watered, as they had been in the cars from 6 o'clock p. m. on September 17, 1920, a space of 34 hours, without food or water. Appellant refused to permit the stock to be unloaded until about 9:00 a. m., after holding them in the cars for 3, 4, or 5 hours.

The evidence failed to show that there had been any negligence in transporting the stock up to the time of their arrival at Rogers, and it was admitted by appellee in his testimony that the damage occurred alone by reason of their confinement in the cars from 4 o'clock to 9 o'clock after they reached Rogers. When asked if he would have been damaged at all if the stock had been unloaded as soon as they reached Rogers, appellee said:

"You ask me if I would have been damaged at all. Well, I wouldn't have had any suit; I don't think I would have been damaged at all."

Again he said:

"As to whether that damage was sustained in transit, or delay in transit, or by standing on the train, I would say by standing on the train."

For the 3, 4, or 5 hours the stock were held in the car appellee swore to a loss of $50 each on the mules, and $25 a head on the horses, the two sums aggregating over $1,000. However, the court found the damage on the 28 animals to have been $500. This amount, he stated, was the "difference between the reasonable market value at Rogers, Tex., of said stock in the condition they were in at the time they arrived at Rogers, Tex., and should have been delivered to plaintiff, and their reasonable market value, at said place, in the condition they were in when they were delivered to plaintiff."

There was no basis for the measure of damages adopted by the court, because there was no proof whatever of the market value of the animals. Appellee was the only witness who attempted to place any market value on the animals in Rogers, and his testimony was very hazy and uncertain, and showed an utter lack of knowledge as to the market value. The matter is left in the gravest doubt as to whether there was any market on the stock in Rogers. The testimony is not sufficient to support a judgment in any sum arrived at by the difference in market value of the stock when they arrived and when they were delivered. The evidence showed

---

⚙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that 36 hours was the usual time consumed in the journey from Stockdale to Rogers, and only 34 hours were consumed on that trip, so the detention on the cars over the usual time could not have amounted to more than 2 or 3 hours.

The judgment is affirmed as to the two railroads in whose favor judgment was rendered, and is reversed and the cause remanded as to appellant.