**KING v. GALVESTON, H. & S. A. RY. CO.
et al.　(No. 7473.)**

(Court of Civil Appeals of Texas.　San Antonio.　Jan. 13, 1926.)

**1. Carriers ⬄228(5)—Shipper held not to have established claimed damages.**

In action against carrier for damages to live stock, testimony showing existence of market value at destination, without showing market value in the condition in which animals should have been delivered and in condition in which they were delivered, did not prove damages.

**2. Carriers ⬄229(2)—Existence of market value at destination of damaged live stock precluded recovery of intrinsic value.**

Existence of market value at place of destination of damaged live stock precluded recovery on basis of intrinsic value.

Appeal from Bexar County Court for Civil Cases; McCollum Burnett, Judge.

Action by Bruce King against the Galveston, Harrisburg & San Antonio Railway Company and others. From the judgment against plaintiff, he appeals. Affirmed.

A. L. Matlock, of San Antonio, for appellant.

Terry, Cavin & Mills, of Galveston, and Boyle, Ezell & Grover, ' of San Antonio, for appellees.

FLY, C. J. As stated on a former appeal of this case (258 S. W. 198), appellant sued the Galveston, Harrisburg & San Antonio Railway Company, the Missouri, Kansas & Texas Railway Company of Texas, and the Gulf, Colorado & Santa Fé Railway Company, to recover damages alleged to have been inflicted on 9 horses and 18 mules delivered to the railway company first named at Stockdale, Tex., to be transported over the lines of that railway and those of the other two railways to Rogers, Tex.; the Gulf, Colorado & Santa Fé Railway being the terminal railway. On the former appeal a judgment in favor of the initial railway company and the immediate connecting railway was affirmed, and the judgment reversed, and the cause remanded to be tried as between the terminal railway and appellant. The last trial before the court, without a jury, resulted in a judgment against a recovery by appellant as against the terminal railway company.

[1, 2] We adopt the conclusions of fact of the trial judge, who, among other things, finds that appellant failed to show where the damages occurred; the only claim being that the refusal of the agent at Rogers to permit appellant to promptly unload the animals caused the damages, although he swore that the animals were not in good condition when they arrived at Rogers. The shipment was two hours ahead of the regular scheduled· run. Appellant failed to show any damages to the animals from being held in the cars at Rogers, and, although he testified that there was a market value for the animals at Rogers, he failed to show the market value of the animals in the condition in which they should have been delivered and the condition in which they were delivered; in other words, there was a failure to prove the measure of damages. There being a market value of the animals at Rogers appellant could not make the intrinsic value the basis of a recovery. Neither the intrinsic value nor the market value of the animals was proved so as to form the basis for a judgment.

The judgment is affirmed.